**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5331-15T4

JOHN FARKAS,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted September 12, 2018 – Decided September 19, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

John Farkas, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant John Farkas appeals from a final agency decision of the New Jersey Department of Corrections ("DOC"), finding him guilty of prohibited act *.259, failure to comply with an order to submit a specimen for prohibited substance testing, in violation of N.J.A.C. 10A:4-4.1. We affirm.

On June 22, 2016, at approximately 8:40 a.m., a corrections officer ordered Farkas to provide a urine sample for drug testing. At that same time, Farkas signed an "Order to Void" form, advising that he would face disciplinary action if he failed to provide a urine sample within two hours. Farkas was provided with about five cups of water, but stated he was unable to void at both 10:30 a.m. and 11:00 a.m. At approximately 11:15 a.m., corrections officers removed Farkas to the medical unit. At approximately 11:37 a.m., Farkas requested that he be provided with a cup to provide a urine sample and signed another "Order to Void" form. He then provided a urine sample, which ultimately tested negative for prohibited substances.

On June 23, 2016, the DOC charged Farkas with prohibited act *.259 because he failed to provide a urine specimen within two hours of the corrections officer's order. After two postponements due to the medical monitoring of Farkas and Farkas' request for a statement from the corrections officer involved in the incident, the DOC held a disciplinary hearing on July 1, 2016. At this hearing, Farkas was assisted by counsel-substitute.

At the disciplinary hearing, Farkas stated that he had informed the corrections officer that if he was forced to urinate standing up, he would defecate on himself. Farkas further claimed that the corrections officer informed him that he was required to produce a sample while standing. Additionally, in response to Farkas' request for a statement, the corrections officer provided a written statement indicating that Farkas never informed the officer that he had to use the bathroom and that the officer "never told [Farkas] to stand the [w]hole time." At the hearing, Farkas declined to call any witnesses on his own behalf or confront any adverse witnesses. The disciplinary hearing officer found Farkas guilty of prohibited act *.259, finding that the corrections officer did not prevent Farkas from using the bathroom before giving his sample, as long as he provided a sample within the two-hour limit. Farkas was sanctioned to ninety-five days of administrative segregation, ninety-five days loss of commutation time, ten days loss of recreation privileges, 365 days of random urine monitoring, and the loss of contact visits.

Farkas administratively appealed the hearing officer's decision, with the assistance of counsel-substitute, based on a plea of leniency. On July 1, 2016, the DOC upheld the sanctions, finding that "[t]he sanction imposed by the Hearing Officer is appropriate for the infraction therefore no leniency will be considered." Farkas now seeks review of the DOC's final agency decision.

On this appeal, Farkas raises a variety of arguments and seeks to vacate the DOC's finding of guilt. First, Farkas contends the corrections officer acted arbitrarily, capriciously, or unreasonably by failing to take into account that he was taking medications that inhibited his ability to urinate. Second, Farkas argues that the corrections officer's refusal to allow Farkas to evacuate his bowels prior to providing a urine specimen was arbitrary, capricious, or unreasonable and violated appellant's right to be treated in a courteous and respectful manner under N.J.A.C. 10A:3-5.11(h). Third, Farkas asserts that the DOC was required to conduct polygraph examinations of all relevant parties and to provide the video surveillance tape of the incident. Finally, Farkas contends the sanctions imposed were excessive and requests that the DOC reinstate his contact visits.

We initially address Farkas' argument that actions of the corrections officer were arbitrary, capricious, or unreasonable, such that the finding of guilt should be vacated. Our scope of review of prison disciplinary decisions is limited. See Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will uphold an administrative decision to impose disciplinary sanctions unless the inmate shows that the decision is arbitrary, capricious or unreasonable, or is not supported by substantial, credible evidence in the record. See ibid. "Substantial evidence" is "such evidence as a reasonable mind might

accept as adequate to support a conclusion." In re Hackensack Water Co., 41 N.J. Super. 408, 418 (App. Div. 1956). Under the substantial evidence standard, an agency may apply its expertise when the evidence supports more than one conclusion. See In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (citation omitted).

In this case, the hearing officer credited the corrections officer's statement that he did not prevent Farkas from using a toilet prior to providing the urine sample. Farkas declined to confront or cross-examine the corrections officer. Thus, we find that the officer's statement constitutes substantial evidence that supports the DOC's finding that the corrections officer did not prevent Farkas from using the toilet prior to providing a urine sample. We therefore reject Farkas' contentions that the correction officers acted arbitrarily, capriciously, and unreasonably and that his finding of guilt should be vacated.

Concerning Farkas' arguments regarding medications, polygraph examinations, and video surveillance, because Farkas failed to raise these issues during the administrative adjudications, we decline to consider them for the first time on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); In re Stream Encroachment Permit, 402 N.J. Super. 587, 602 (App. Div. 2008). "[O]ur appellate courts will decline to consider questions or issues not properly presented to the [tribunal below] when an opportunity for such a presentation is

available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder, 62 N.J. at 234 (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

In this case, Farkas failed to raise the issues of medications, polygraph examinations, and video surveillance during the disciplinary hearing. Additionally, Farkas did not raise these arguments in his administrative appeal to the DOC. Indeed, neither the hearing officer's decision nor the DOC's final agency decision discusses these issues. Because these arguments do not implicate the jurisdiction of the administrative tribunal or matters of great public interest, we decline to consider them on this appeal. See Nieder, 62 N.J. at 234.

Finally, we reject Farkas' claim that the sanctions imposed were excessive. The sanctions imposed are within the guidelines set forth in N.J.A.C. 10A:4-5.1 for a finding of guilt of prohibited act *259. See N.J.A.C 10A:4-5.1(g) (up to 180 days of administrative segregation and up to 365 days loss of commutation time); N.J.A.C. 10A:4-5.1(o) (termination of contact visits); N.J.A.C. 10A:4-5.1(s) (up to 180 days loss of recreation privileges).

The remaining issues raised by Farkas lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5331-15T4